UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC,<br><br>       Plaintiff,<br><br>   v.<br><br>JOHN DOE SUBSCRIBER ASSIGNED IP ADDRESS 99.99.32.152,<br><br>       Defendant. | Case No. 19-cv-00160-EMC<br><br>**ORDER GRANTING PLAINTIFF'S *EX PARTE* APPLICATION FOR LEAVE TO SERVE THIRD PARTY SUBPONEA PRIOR TO RULE 26(F) CONFERENCE**<br><br>Docket No. 7 |

Plaintiff Strike 3 Holdings produces and owns the copyrights for adult motion pictures featured on its subscription-based websites. Plaintiff alleges that Doe Defendant, currently identified only by his IP address 99.99.32.152, infringed on those copyrights by downloading and distributing Plaintiff's motion pictures. Plaintiff asks the Court for leave to serve a Rule 45 subpoena on non-party AT&T U-verse ("AT&T"), Defendant's internet service provider ("ISP"), to find out Defendant's identity. Because Plaintiff has demonstrated that good cause exists to allow it to serve the subpoena, the Court **GRANTS** Plaintiff's application.

## I.    ANALYSIS

A.    Legal Standard

A court may authorize early discovery before the parties have conferred as required by Federal Rule of Civil Procedure 26(f). *See* Fed. R. Civ. P. 26(d). In the Ninth Circuit, courts use the "good cause" standard to determine whether discovery should be allowed to proceed prior to a Rule 26(f) conference. *UMG Recordings, Inc. v. Doe*, No. C 08-1193 SBA, 2008 WL 4104214, at *3 (N.D. Cal. Sept. 3, 2008). Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding

party. *Id.*; *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 275–77 (N.D. Cal. 2002).

To determine whether a plaintiff has established good cause to learn the identity of a Doe defendant through early discovery, courts examine whether the plaintiff:

>   (1) identifies the Doe defendant with sufficient specificity that the court can determine that the defendant is a real person who can be sued in federal court,
>
>   (2) recounts the steps taken to locate and identify the defendant,
>
>   (3) demonstrates that the action can withstand a motion to dismiss, and
>
>   (4) shows that the discovery is reasonably likely to lead to identifying information that will permit service of process.

*Columbia Ins. Co. v. seescandy.com*, 185 F.R.D. 573, 578–80 (N.D. Cal. 1999) (citations omitted and line breaks added).

As a court in this District has explained:

> In Internet infringement cases, courts routinely find good cause exists to issue a Rule 45 subpoena to discover a Doe defendant's identity, prior to a Rule 26(f) conference, where a plaintiff makes a prima facie showing of infringement, there is no other way to identify the Doe defendant, and there is a risk an ISP will destroy its logs prior to the conference. This is because, in considering "the administration of justice," early discovery avoids ongoing, continuous harm to the infringed party and there is no other way to advance the litigation. As for the defendant, there is no prejudice where the discovery request is narrowly tailored to only seek their identity. Thus, Courts routinely find the balance favors granting a plaintiff leave to take early discovery.

*UMG Recordings*, 2008 WL 4104214, at *3–4 (citations omitted).

B.     Good Cause

Here, Plaintiff has established all four of the *seescandy* factors, and accordingly has demonstrated good cause for the Court to allow early discovery of the Doe Defendant's identity.

First, Plaintiff has identified the Doe Defendant with sufficient specificity that the Court can determine that Defendant is a real person who can be sued in federal court. "A plaintiff may show that a defendant is a real person or entity by providing evidence of specific acts of misconduct that could only have been perpetrated by actual people, as opposed to a mechanical process." *Distinct Media Ltd. v. Doe Defendants 1-50*, No. CV 15- 03312 NC, 2015 WL

13389609, at *2 (N.D. Cal. Sept. 29, 2015) (citation and internal quotation marks omitted). Here, Plaintiff alleges that Defendant downloaded 66 of its copyrighted works without authorization and distributed them over an extended period via BitTorrent. Compl. ¶ 4. "[B]ut for the Doe Defendant directing his or her BitTorrent client to download the torrent file, the alleged infringement would not have occurred." Mot. at 9. In other words, it requires a real person to initiate the act of downloading a file via BitTorrent, so Defendant is likely a real person who perpetrated the alleged infringing acts at the identified IP address. Plaintiff has also used the established "Maxmind" geolocation technology to twice trace Defendant's IP address to a physical location within this District. Compl. ¶ 9; *see Criminal Prods., Inc. v. Doe-72.192.163.220*, No. 16-CV-2589 WQH (JLB), 2016 WL 6822186, at *3 (S.D. Cal. Nov. 18, 2016) (citing in part "the documented success of the Maxmind geolocation service" to support the finding that plaintiff showed that a particular IP address corresponds to a physical address). This gives the Court personal jurisdiction over Defendant and over Plaintiff's federal copyright claim. *See Strike 3 Holdings, LLC v. Doe*, No. 18-CV-4988-LB, 2018 WL 4587185, at *2 (N.D. Cal. Sept. 24, 2018).

Second, Plaintiff has recounted the previous steps it has taken to locate and identify the Doe Defendant. Plaintiff hired a forensic investigator, IPP, to verify using unique file hashes that Defendant downloaded and distributed Plaintiff's motion pictures through his IP address. Compl. ¶¶ 25–30. Plaintiff then used geolocation technology to trace that IP address to this District. *Id.* ¶ 9. However, Plaintiff cannot deduce Defendant's true name and other identifying information from his IP address alone. Only AT&T, Defendant's ISP, can provide that information. *Id.* ¶ 5. Thus, Plaintiff has "made a good faith effort to identify and locate the Defendant." *Strike 3 Holdings, LLC v. Doe*, No. 18CV47-WQH (RBB), 2018 WL 1427002, at *4 (S.D. Cal. Mar. 22, 2018).

Third, Plaintiff has demonstrated that its copyright claim can withstand a motion to dismiss. A plaintiff "must satisfy two requirements to present a prima facie case of direct infringement: (1) [it] must show ownership of the allegedly infringed material and (2) [it] must demonstrate that the alleged infringers violate at least one exclusive right granted to copyright holders under 17 U.S.C. § 106." *Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146, 1159 (9th

Cir. 2007) (citing *A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1013 (9th Cir. 2001)); *see* 17 U.S.C. § 501(a). Under 17 U.S.C. § 106, a copyright holder has the exclusive rights to reproduce, distribute, publicly display, perform, and create derivative works of the copyrighted work. Here, Plaintiff alleges that it owns valid copyrights in the motion pictures, and that Defendant reproduced and distributed the motion pictures without authorization. Compl. ¶¶ 4, 28, 32. Thus, Plaintiffs have sufficiently alleged a prima facie case of direct copyright infringement.[1] *See UMG Recordings*, 2008 WL 4104214, at \*5. Moreover, the Court has subject matter jurisdiction over this copyright action under 28 U.S.C. 1338(a) as well as personal jurisdiction over Defendant since his IP address is tied to a physical location in this District. *See Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir. 1995) (holding that a plaintiff need only make a "prima facie showing of jurisdictional facts" to survive a motion to dismiss for lack of personal jurisdiction). Venue is also proper. *See Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1126 (9th Cir. 2010) (holding that in copyright infringement actions, 28 U.S.C. § 1400(a) "allow[s] venue in any judicial district where, if treated as a separate state, the defendant would be subject to personal jurisdiction.").

Fourth, Plaintiff has shown that the subpoena it seeks is reasonably likely to lead to identifying information that will permit service of process on the Doe Defendant. Plaintiff has used the American Registry for Internet Numbers to identify AT&T as the ISP that owns Defendant's IP address. Docket No. 7-1, Exh. D (Declaration of Susan B. Stalzer) ¶ 11. Thus, AT&T is able to provide information regarding Defendant's true identity based on his IP address. Compl. ¶ 5. The subpoena will only seek Defendant's name and address; with this information, Plaintiff will be able to effectuate service on Defendant pursuant to Federal Rule of Civil

---

[1] The Court notes, however, that in granting this motion, it is neither precluding the Doe Defendant from filing a motion to dismiss under Rule 12(b)(6) nor prejudging any such motion. The Court also advises Plaintiff that, upon obtaining the name and address of the Doe Defendant, it has a Rule 11 obligation to determine whether to proceed with the lawsuit and, in that regard, it should be mindful of the Ninth Circuit's recent holding that "a bare allegation that a defendant is the registered subscriber of an Internet Protocol ("IP") address associated with infringing activity is [in]sufficient to state a claim for direct or contributory infringement." *Cobbler Nevada, LLC v. Gonzales*, 901 F.3d 1142, 1144 (9th Cir. 2018).

4

Procedure 4(a) and (e).

In addition to satisfying the *seescandy* factors, Plaintiff has also established that "there is no other way to identify the Doe defendant, and there is a risk an ISP will destroy its logs prior to the [Rule 26(f)] conference." *UMG Recordings*, 2008 WL 4104214, at *4. With respect to the former, Plaintiff alleges that Defendant has been infringing on its copyrighted works anonymously, and that only AT&T can link Defendant's IP address to his actual name and physical address. Compl. ¶¶ 5, 13; Docket No. 7-1, Exh. C (Declaration of Philip Pasquale) ¶ 10. With respect to the latter, Plaintiff asserts that ISPs tend to "only retain [IP address logs] for a limited period of time." Mot. at 8. This means that, without early discovery, AT&T may inadvertently destroy the data that would allow Plaintiff to identify Defendant. *See id.*

In sum, Plaintiff has shown that its need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the Doe Defendant. *See Semitool*, 208 F.R.D. at 275–77.

C.     Protective Order

"[U]nder Rule 26(c), the Court may *sua sponte* grant a protective order for good cause shown." *McCoy v. Sw. Airlines Co., Inc.*, 211 F.R.D. 381, 385 (C.D. Cal. 2002). Several considerations in this case counsel in favor of a protective order to preserve Defendant's privacy, and Plaintiff does not oppose such an order. *See* Mot. at 13.

First, courts in this District have repeatedly cautioned that "the ISP subscribers [unveiled by a subpoena] may not be the individuals who infringed upon Strike 3 Holdings's copyright," since, for example, another person may be using the ISP subscriber's IP address to download files. *Strike 3 Holdings*, 2018 WL 4587185, at *3 (collecting cases). Second, allowing a defendant to proceed pseudonymously is appropriate where "necessary to preserve privacy in a matter of a sensitive and highly personal nature," and an "allegation that an individual illegally downloaded adult motion pictures likely goes to matters of a sensitive and highly personal nature." *Id.*

In view of the potential implication of an innocent third party, and the sensitivity of the subject matter of the suit, the Court orders that Strike 3 Holdings shall not publicly disclose any of Defendant's identifying information until he has the opportunity to file a motion with this Court to

5

be allowed to proceed in this litigation anonymously and that motion is ruled on by the Court. Defendant may file such a motion under seal.

## II.   CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's motion.

It is hereby **ORDERED** that Plaintiff may immediately serve a Rule 45 subpoena on AT&T to obtain the true name and address of the Doe Defendant at IP address 99.99.32.152. A copy of this Order must be attached to the subpoena, and any information disclosed to Plaintiff in response to the subpoena may be used by Plaintiff solely for the purpose of serving Defendant and prosecuting the claims asserted in the complaint.

**It is further ORDERED** that AT&T will have 30 days from the date of service upon it to serve the Doe Defendant with a copy of the subpoena and a copy of this Order.

**It is further ORDERED** that the Doe Defendant will have 30 days from the date of service upon him to file any motions contesting the subpoena with this Court. If that 30-day period lapses without the Doe Defendant contesting the subpoena, AT&T shall produce the information responsive to the subpoena to Plaintiff within 10 days.

**It is further ORDERED** that Plaintiff shall not publicly disclose any of the Doe Defendant's identifying information until he has had the opportunity to file a motion with this Court for leave to proceed anonymously and that motion is ruled on by the Court. The Doe Defendant will have 30 days from the date of service upon him to file such a motion, and he may file the motion under seal.

This Order disposes of Docket No. 7.


**IT IS SO ORDERED**.


Dated: February 13, 2019



_____
EDWARD M. CHEN
United States District Judge